UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23CV-P677-JHM

**JONATHON BROWN**                                                                                     **PLAINTIFF**

v.

**KENTUCKY DEPARTMENT
OF CORRECTIONS** *et al.*                                                           **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Jonathon Brown filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action for the reasons stated herein.

### I. SUMMARY OF ALLEGATIONS

Plaintiff is a convicted inmate at the Kentucky State Reformatory (KSR). He sues Kentucky Department of Corrections (KDOC), KSR Warden Anna Valentine, Wellpath Holding, LLC (Wellpath), and the following Wellpath employees: John Brinker, a Health Services Administrator; Daniel Snawder, an Assistant Health Services Administrator; Kevin Smith, a Regional Medical Director; Dawn Patterson, an RN; and Denise Burkett, an APRN. He sues all Defendants in their individual and official capacities.

Plaintiff states that he is a paraplegic and that he "was given a specialized paraplegic wheelchair by the Department of Corrections to prevent further injury." He maintains, "On August 23, 2021 I saw Medical Provider, Christina Lyons about the Order for a new specialized paraplegic wheelchair that was ordered on February 22, 2021." He asserts, "I have filed multiple grievances on this matter and my much needed specialized paraplegic wheelchair has not been replaced. I was informed that I . . . could receive a standard wheelchair, not a specialized paraplegic

wheelchair that I have yet to receive." He states that Defendants Valentine, Wellpath, Snawder, Brinker, Smith, Patterson, Burkett, and KDOC "are all responsible for employing staff to work for the [KDOC] and insure that all policies and laws are followed" and that "[d]ue to the [KDOC] employing the above named Defendants the Plaintiff's rights have been violated." Finally, Plaintiff asserts, "Due to the prolonged use of a chair that is not adequate for my medical needs, I have calcium build up and have now torn muscles in both of my shoulders."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent

standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. KDOC and official-capacity claim against Valentine

The Eleventh Amendment acts as a bar to all claims for relief against KDOC. A state and its agencies, such as KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

With regard to Plaintiff's official-capacity claim against Valentine, a suit for damages against a state employee sued in her official capacity must be dismissed because state officials sued in their official capacities for damages are also immune from liability under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, state officials sued in their official

capacities are not "person[s]" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Therefore, the Court will dismiss the claim against KDOC and the official-capacity claim against Valentine for failure to state a claim upon which relief may be granted and for seeking monetary damages from a Defendant who is immune from such relief.

### B. Wellpath and official-capacity claims against Wellpath employees

Plaintiff's official-capacity claims against Brinker, Snawder, Smith, Patterson, and Burkett are actually brought against their employer, Wellpath. *Kentucky v. Graham*, 473 U.S. at 166 ("[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Wellpath is a private entity which contracts with KDOC to provide medical services to inmates. The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Wellpath. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Thus, liability of a contracted private entity also must be based on a policy or custom of the entity. *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

To state a claim against a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993)

4

(quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any of the Wellpath employees acted pursuant to a custom or policy of Wellpath. He alleges an incident affecting only him. Accordingly, Plaintiff's official-capacity claims against Brinker, Snawder, Smith, Patterson, and Burkett and his claims against Wellpath must be dismissed for failure to state a claim upon which relief may be granted.

### C. Individual-capacity claims

#### 1. Valentine

Plaintiff lists Valentine as a Defendant but does not make any allegations against her. To state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v.*

*Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff's allegations against Valentine are apparently based on her supervisory authority as KSR Warden; he does not allege that she was personally involved in the violation of his rights. Therefore, Plaintiff's individual-capacity claim against Valentine will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Wellpath employees

Construing the complaint broadly, as is required at this stage, the Court construes the complaint as alleging that Wellpath employees Brinker, Snawder, Smith, Patterson, and Burkett denied Plaintiff a specialized wheelchair in violation of the Eighth Amendment. An Eighth Amendment claim of deliberate indifference to a prisoner's medical needs has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 527, 837-47 (1994)). "Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice." *Wright v. Taylor*, 79 F. App'x 829,

831 (6th Cir. 2003) (citing *Farmer*, 511 U.S. at 835-36; *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)).

The standard applied in reviewing the actions of prison medical staff in this type of case is deferential. *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The Sixth Circuit has held as follows:

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Id.* Thus, a court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment between an inmate and prison medical personnel cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). An inmate's disagreement with medical staff over the proper medical treatment "alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) (citations omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff does not allege that he was denied a wheelchair. He states that was given a "standard" wheelchair but that it is inadequate for his needs. The Court finds that Plaintiff's deliberate indifference claims are based upon a disagreement with Defendants' medical judgment.

7

His allegations may give rise to a claim for medical negligence, but they do not give rise to a constitutional claim. Generally, "[a] doctor's errors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference." *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018); *see also Loyd v. Hacker*, No. CV 6:21-53-WOB, 2021 U.S. Dist. LEXIS 70240, at *4 (E.D. Ky. Apr. 12, 2021) ("[A]llegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context.").

Therefore, Plaintiff's individual-capacity claims against Brinker, Snawder, Smith, Patterson, and Burkett based on deliberate indifference to his serious medical needs must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

Accordingly, the Court will enter a separate Order dismissing the action.

Date: May 11, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010